**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JACK G. FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _09-CV-2078 JWL/JPO_ |
| | ) | |
| WATCO COMPANIES, INC. d/b/a | ) | |
| SOUTH KANSAS AND OKLAHOMA | ) | |
| RAILROAD | ) | |
| | ) | |
| Defendant. | ) | |

<u>COMPLAINT</u>

Jack G. Fox, Plaintiff, for his cause of action against the Defendant Watco

Companies, Inc. d/b/a South Kansas and Oklahoma Railroad (hereinafter "Watco"),

states the following:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Jack G. Fox resides at 688 W. 710th Avenue, Hepler, Crawford

County, KS 66748.

2.      This action is brought under the Federal Employers' Liability Act, 45 U.S.C.

§§ 51, *et seq.* (FELA), and the Federal Regulations promulgated pursuant to those acts.

3.      Jurisdiction and venue are proper within this Court pursuant to 45 U.S.C. § 56.

4.      Defendant Watco is and was at all times relevant, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad, with corporate headquarters located at Pittsburg, Crawford County, Kansas.

5.      Defendant Watco operates trains in the transportation of freight in and between the states of Missouri, Oklahoma and Kansas, and other states, and, at all relevant times mentioned, is and was engaged in business in the State of Kansas. Defendant's registered agent for service of process is:  Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66603.

## ALLEGATIONS

6.      In August, 2007, and for a long time prior thereto, Plaintiff was employed by and working for Defendant Watco as a conductor.  Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on August 2, 2007, Plaintiff was employed by and engaged with the Defendant Watco in interstate commerce.

7.      On August 2, 2007, while Plaintiff was engaged in interstate commerce with and working for Defendant Watco as a conductor near Columbus, Cherokee County, Kansas, it became and was his duty to ride point on a cut of railroad cars being shoved through a public crossing.   As the railroad car on which Plaintiff was riding entered the subject crossing, it collided with a truck that was being driven through the said crossing

and, as a direct result thereof, plaintiff sustained permanent, painful and disabling bodily injuries hereinafter described.

8.     At all times material hereto, Defendant Watco was under a duty to furnish and provide Plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

9.     Plaintiff's injuries and damages were directly caused, in whole or in part by the negligent acts or omissions of Defendant Watco in one or more of the following respects, to-wit:

>   a.     it provided its switch crews, including Plaintiff's crew, with a radios that were inadequate and unsafe to use for the purpose to which they were put;
>
>   b.     it failed to provide its switch crews, including Plaintiff's crew, with radios that were reliable and responsive when crews attempted to use them;
>
>   c.     it failed to provide reasonably adequate inspection, maintenance and repair of the radios that it provided to its switch crews, including Plaintiff's switch crew;
>
>   d.     it failed to provide its switch crews, including Plaintiff's crew, with a flagman to prevent highway traffic from entering the subject crossing during switching movements;

     e.     it failed to promulgate and enforce reasonable safety rules, customs, policies, practices and procedures for shoving cuts of cars through railroad crossings, including the subject crossing.

10.     Each of the Defendant Watco's above-described acts or omissions constitutes negligence.

11.     By reason of the foregoing acts or omissions, Defendant Watco knew or, in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

12.     As a direct result of the foregoing negligent acts or omissions of the defendant, plaintiff suffered injuries to his right shoulder, right knee and both legs and feet.  These injuries have required plaintiff to undergo extensive medical treatment, including surgery and physical therapy.  Plaintiff will in the future require extensive medical treatment, possible surgery and physical therapy.  The strength, use and function of plaintiff's body, right shoulder, right knee, both legs and feet, and plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff has suffered and will ever suffer severe physical pain and mental anguish.  Prior to these injuries, plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

13.     On account of the aforementioned injuries, plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits;

f) past and future loss of ability to perform household services; g) diminished ability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the defendant in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38, the plaintiff demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to U. S. District Court, District of Kansas Local Rule 40.2, plaintiff designates Kansas City, Kansas as the place for trial.

Respectfully submitted,

s/Kenneth E. Barnes

Kenneth E. Barnes, KS Bar No. 19381
Tequiero M. "T.K." Smith, KS District Court No. 78002
Attorneys for Plaintiff Jack G. Fox
THE BARNES LAW FIRM, L.L.C.
1100 Main Street, Suite 2300
Kansas City, MO 64105-5187
Telephone:   816.221.4321
Fax:            816.471.4321
Email:         kbarnes@law4321.com
                tksmith@law4321.com