IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK G. FOX, )
)
      Plaintiff, )
)
v. ) Case No. 09-2078-JWL
)
WATCO COMPANIES, INC., )
d/b/a SOUTH KANSAS AND OKLAHOMA )
RAILROAD, )
)
      Defendant / Third-Party Plaintiff, )
)
v. )
)
SHANE CAMPBELL and )
JERRY STANLEY, )
)
      Third-Party Defendants. )
)
_____)

## MEMORANDUM AND ORDER

This case arises out of a collision between railroad cars and a truck at a public crossing, occurring on August 2, 2007, in Crawford County, Kansas. Plaintiff, an employee of defendant railroad, alleges that he was injured in that collision. In Count I of his amended complaint, plaintiff asserts a claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, alleging various negligent acts by defendant. In Count II, plaintiff alleges that defendant violated the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701 *et seq.*, by "fail[ing] to ensure that the radio on the locomotive being used at the time of the occurrence was in proper working order."

Defendant asserts third-party claims against the driver and the owner of the truck involved in the collision.

This matter presently comes before the Court on defendant's motion for summary judgment on Count II of plaintiff's amended complaint (Doc. # 71). The Court concludes that plaintiff has submitted sufficient evidence to create a question of fact for the jury concerning whether the radios malfunctioned at the time of the collision. Accordingly, the Court **denies** defendant's motion.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).

The LIA, formerly known as the Boiler Inspection Act, requires that a locomotive and its parts be "in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701(1). Plaintiff bases his claim of an LIA violation on his allegation that the radios did not work properly at the time of the collision.[1] Defendant seeks summary judgment on this claim solely on the basis of its argument that

---

[1] "Because LIA does not create an independent cause of action, such a claim must be brought under FELA." *Matson v. Burlington Northern Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001).

plaintiff cannot submit sufficient evidence that the radios in fact malfunctioned.

At the time of the collision, plaintiff and another employee, John Horton, were "shoving" railroad cars through the crossing at a slow speed. Plaintiff was positioned in the lead car, while Mr. Horton operated the locomotive that was shoving the cars. Mr. Horton could not see the crossing, and plaintiff and Mr. Horton communicated by radio during the approach to the crossing. Plaintiff's supervisor, Randy Letner, approached the crossing in his vehicle, which contained a radio with which he could hear and communicate with plaintiff and Mr. Horton.

Plaintiff testified in his deposition that he lost radio communication at the time of the collision. When the railroad cars were within one or two car lengths of the crossing, he told Mr. Horton by radio, "That will do," three times fast, by which he meant that Mr. Horton should stop, but he received no response from Mr. Horton. After the collision, plaintiff heard Mr. Letner tell Mr. Horton by radio to stop and that he had hit a truck. Nonetheless, Mr. Horton did not stop the cars after the collision for another six or seven car lengths. Mr. Horton testified in his deposition that he heard plaintiff say over the radio, "That will do, John," at which time he stopped the cars; that he then heard Mr. Letner tell him by radio not to move; and that he did not find out that there had been a collision over the radio. Mr. Letner testified that he heard plaintiff say, "That will do, John," and that he then also told Mr. Horton by radio, "That will do."

In arguing that plaintiff cannot show that the radios malfunctioned, defendant cites Mr. Horton's testimony that the radios worked properly on the day in question, and

it notes that, according to the testimony of the three employees, there was in fact some radio communication that day. Defendant dismisses plaintiff's expert's opinion as one based solely on the deposition testimony and not on any inspection or test of the radios. Defendant argues that any discrepancies between what plaintiff said and what Mr. Horton heard over the radio do not necessarily show a radio malfunction, but might instead have resulted from plaintiff's failure to depress the appropriate button. Finally, defendant argues that plaintiff's only evidence is his own self-serving, conclusory testimony that a malfunction occurred.

The Court notes, however, that all evidence and inferences must be viewed in the light most favorable to plaintiff, and it concludes, based on a consideration of the totality of the evidence, that a reasonable jury could find that the radios malfunctioned that day. Plaintiff testified that he lost radio communication.[2] The three witnesses' testimony, viewed in plaintiff's favor, tend to show that Mr. Horton did not in fact hear statements transmitted over the radio by plaintiff and by Mr. Letner. All three of the deponents testified that there had been prior problems with the radios.[3] Plaintiff's expert opined

---

[2]Although defendant calls this testimony "self-serving", plaintiff is entitled to use his own evidence in opposition to summary judgment, and additional evidence precludes summary judgment here at any rate. The Court notes that, in the deposition, defendant's counsel did not ask plaintiff the basis for his statement that he lost radio communication.

[3]The Court agrees with defendant that such testimony, by itself, does not establish a malfunction on this particular occasion. Nevertheless, the testimony does contribute to the totality of the evidence from which a malfunction on this occasion may be inferred.

4

that, assuming the testimony of the three deponents is correct, the only explanation would be a radio malfunction—a possibility that defendant's expert was unable to eliminate. Finally, and perhaps most significantly, plaintiff testified that Mr. Horton did not stop the cars for some time after both plaintiff and Mr. Letner told him over the radio to stop the cars.

This evidence is sufficient to create an issue of fact concerning whether the radio equipment malfunctioned on the day in question. Therefore, defendant is not entitled to summary judgment on plaintiff's claim in Count II that defendant violated the LIA.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for summary judgment on Count II of plaintiff's amended complaint (Doc. # 71) is **denied**.

IT IS SO ORDERED.

Dated this 22nd day of July, 2010, in Kansas City, Kansas.

                                           s/ John W. Lungstrum
                                           _____
                                           John W. Lungstrum
                                           United States District Judge