IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK G. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-2078-JPO |
| | ) |
| WATCO COMPANIES, INC., d/b/a | ) |
| South Kansas and Oklahoma Railroad, | ) |
| | ) |
| Defendant/ | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| | ) |
| SHANE CAMPBELL and | ) |
| JERRY STANLEY, | ) |
| | ) |
| Third-Party Defendants. | ) |

**ORDER**

Trial in this case is scheduled to begin, limited to jury selection, on February 18, 2011. During a status and limine conference conducted on February 9, 2011, by the undersigned U.S. Magistrate Judge, James P. O'Hara, it became apparent that there was some disagreement as to whether the defendant, Watco Companies, Inc., d/b/a South Kansas and Oklahoma Railroad, and the third-party defendants, Shane Campbell and Jerry Stanley, should be given an equal number of peremptory challenges, or whether they should share a set number. The parties, including the plaintiff, Jack G. Fox, were instructed to submit trial briefs on this subject, which they have all done (**docs. 171, 172, and 173**).

Both defendant and third-party defendants argue that they are entitled to three

peremptory challenges each because of their divergent interests.[1] Plaintiff, though, believes that defendant and third-party defendants should each get two peremptory challenges, and that plaintiff should be granted four peremptory challenges.

Fed. R. Civ. P. 47(b) addresses the number of peremptory challenges to be used when selecting a jury, and that rule directs the court to 28 U.S.C. § 1870. That statute states in part: "In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs *may* be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly" (emphasis added). The permissive language of the statute clearly confers discretion on the trial court in allotting peremptory challenges among multiple parties.[2] That is, it is not necessarily improper to allow "individual parties in multiple-party litigation to have less than the three challenges normally granted a party," nor do parties need to have an equal number of challenges.[3]

In this case, the interests of defendant and third-party defendants are not wholly aligned, in that each seeks to shift fault to the other. But they do both ultimately dispute that plaintiff is entitled to the substantial damages he seeks in this case. Defendant and third-

---

[1] For the purpose of the allotment of peremptory challenges, as with every other issue in this case, Campbell and Stanley are considered as one party rather than as two individuals. There is no dispute their interests are aligned.

[2] *Standard Industries, Inc. v. Mobil Oil Corp.*, 475 F.2d 220, 225 (10th Cir. 1973).

[3] *Pedroza v. Lomas Auto Mall, Inc.*, No. 07-0591, 2009 WL 1562607, at *2–*3 (D.N.M. May 18, 2009).

party defendants also have aligned together on some issues recently raised in some motions in limine.[4] For these reasons, the court concludes that it would be inappropriate to allow defendant and third-party defendants three peremptory challenges each, since as a practical matter that would give the defense side of the aisle in this case twice the latitude given to plaintiff in picking a jury (i.e., if plaintiff were only given three challenges too). Nor does the court believe it would be appropriate to require defendant and third-party defendants to share three challenges, as that would in effect ignore the extent (albeit limited) to which their interests are not aligned.

Accordingly, plaintiff will be allotted four peremptory challenges. Defendant and third-party defendants shall have two each. There will be a total of eight peremptory challenges. The order of exercise shall be as follows: (1) plaintiff; (2) defendant; (3) plaintiff; (4) third-party defendants; (5) plaintiff; (6) third-party defendants; (7) plaintiff; and (8) defendant. Defendant and third-party defendants may, if they wish, confer about how each of them will exercise their challenges.

Allocating and ordering the peremptory challenges in the way described above acknowledges that defendant and third-party defendants are at least partially aligned in interest. But it also recognizes the unique posture of each in the third-party action.[5]

---

[4]Specifically, defendant and third-party defendants generally agreed on the video-surveillance issue (docs. 112, 125, and 141) and on plaintiff's secondary-gain motion in limine (docs. 137, 142, and 148).

[5]*See Pedroza*, 2009 WL 1562607, at *2 ("All of the Defendants have some unity of interest as Defendants, and . . . it is unnecessary to afford each unit three challenges. On the

IT IS SO ORDERED.

Dated February 16, 2011, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

other hand, the various Defendants have divergent interests that counsel in favor of allowing separate challenges and, to ensure a workable system, of increasing the number of challenges overall for the Defendants."); *see also Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856, 858 (3d Cir. 1978) ("[T]he trial judge may require a defendant-third-party plaintiff and third-party defendants to share the same number of peremptory challenges as allocated to a single plaintiff.").